**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MICHAEL D. BLAIR,

     Plaintiff,

v.                               Case No. 8:07-CV-1781-T-30MSS

JIM COATES, et al.

     Defendants.

_____/

## ORDER

Plaintiff, a prisoner incarcerated at the Pinellas County Jail who is proceeding *pro se*,[1]

initiated this action on September 24, 2007, by filing a civil rights complaint in which he claims

he is being denied adequate nutrition, medical care, and access to the law library, and is being

exposed to unsanitary conditions. (Dkt. 1). He has also filed: 1) a motion to proceed *in forma*

*pauperis*; 2) a motion for a permanent injunction requiring the Defendants to maintain the

prison population below maximum capacity, provide him adequate access to the law library, and

hire an outside agency to monitor both the medical staff and food services staff at the prison;

and 3) a motion for an emergency hearing on his request for a permanent injunction (Dkt. 2).

---

[1] Plaintiff is cautioned that although you are appearing *pro se*, you are required to comply with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure. Failure to do so could result in sanctions, including dismissal of your claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $4.20 postage affixed thereto. The Local Rules measure 8 ½" x 11" x ½". A copy of the Local Rules may be found in the institution's law library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164.

This district has determined that the use of a prescribed form for civil rights complaints benefits both the Court and the plaintiff in terms of accuracy, time-savings, and administrative convenience. Courts that have a large volume of civil rights actions, as does this Court, save valuable time if they are not required to decipher lengthy and often illegible and/or incomplete petitions.  This savings is lost when, as here, the Plaintiff fails to use the form.  Therefore, in light of the administrative benefits to the Court derived from its use, Plaintiff must file an amended complaint using the prescribed form.

An amended complaint completely *supersedes* the original petition.  Once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended document.  *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982)  (finding that an amended complaint under the Federal rules supercedes the original complaint).

Plaintiff in this action seeks to proceed without the payment of filing fees and costs. However, Plaintiff has not submitted a properly completed  *in forma pauperis* affidavit. Therefore, at this time the Court is precluded from ruling on Plaintiff's motion to proceed *in forma pauperis*.

Finally, at this stage of the proceedings the Court can not determine whether Plaintiff is entitled to a permanent injunction,[2] and it does not clearly appear that he is in danger of immediate and irreparable injury, loss, or damage. *See* Fed. R. Civ. P. 65(b).

ACCORDINGLY, it is **ORDERED** that:

---

[2] "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

1.      The **Clerk of Court** shall mail a copy of the civil rights complaint form to Plaintiff with his copy of this order.

2.      Plaintiff shall, within **THIRTY (30) DAYS** from the date of this order, file an Amended Complaint on the civil rights complaint form enclosed with this order. Plaintiff should fill out the complaint form completely and mark it **"Amended Complaint."**  The Amended Complaint must include all of Plaintiff's claims in this action, and it should not refer back to the original complaint.  After completing the form, Plaintiff should mail it to the Court with a <u>copy for each Defendant</u>.

3.      Plaintiff's request to proceed *in forma pauperis* (Dkt. 2) is **DENIED without prejudice** to submit a properly completed  *in forma pauperis* affidavit.

4.      The Clerk of Court shall send Petitioner an Affidavit of Indigency form.

5.      Plaintiff shall either pay the required $350.00 filing fee or **<u>complete and return</u>** the affidavit form to the Clerk of Court within **THIRTY (30) DAYS** of the date of this order.

6.      Plaintiff's motion for a permanent injunction (Dkt. 2) is **DEFERRED**.

7.      Plaintiff's motion for an emergency hearing (Dkt. 2) is **DENIED**.

8.      Failure to comply with this order within the allotted time will result in the **<u>dismissal</u>** of this action without further notice.

        **DONE** and **ORDERED** in Tampa, Florida on October 3, 2007.

_____
**JAMES S. MOODY, JR.**
**UNITED STATES DISTRICT JUDGE**

SA:sfc

<u>Copies furnished to:</u>
Plaintiff pro se