UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL D. BLAIR, *pro se*,

   Plaintiff,

v.                                              Case No. 8:07-CV-1781-T-30MSS

JIM COATES, Pinellas County Sheriff,
et al.,

   Defendants.
_____/

# ORDER

BEFORE the Court is Plaintiff's motion for appointment of counsel, and motion to set cause for trial (Dkt. 5). Plaintiff, a prisoner in the custody of the Pinellas County Jail proceeding *pro se*, initiated this action by filing a civil rights complaint on September 28, 2007 (Dkt. 1). On October 3, 2007, the Court ordered Plaintiff to file an amended complaint, and pay the filing fee or submit a properly completed *in forma pauperis* affidavit (*See* Dkt. 4).

The United States Supreme Court has stated that "[t]he pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). An action filed under 42 U.S.C. § 1983 (1976) is civil in nature and does not affect a plaintiff's physical liberty. Anyone has the constitutional right to hire his own lawyer, but, generally speaking,

no right to counsel exists in cases filed under § 1983.  See Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975); see also Mekdeci By & Through Mekdeci v. Merrell Nat'l. Laboratories, 711 F.2d 1510, 1522 (11th Cir. 1983); Thomas v. Estelle, 603 F.2d 488, 489 (5th Cir. 1979). Other circuits are in agreement.  See Watson v. Moss, 619 F.2d 775 (8th Cir. 1980); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980); McBride v. Soos, 594 F.2d 610 (7th Cir. 1979); Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969).

The constitutional rights of an accused in a criminal proceeding differ substantially from those of a plaintiff in a civil action.  The stringent standards of appointment and effective assistance of counsel mandated by the Sixth Amendment and Rule 44, Fed. R. Crim. P., do not apply to civil proceedings.  See United States v. Rogers, 534 F.2d 1134  (5th Cir.), cert. denied, 429 U.S. 940 (1976).[1]

While an indigent litigant has no right to appointed counsel when his physical liberty is not implicated, the "fundamental fairness" requirement of the due process clause of the Fourteenth Amendment of the United States Constitution may mandate appointment of counsel in exceptional cases.  Lassiter, 452 U.S. at 31.  When exceptional circumstances are present, the Court has the discretion under 28  U.S.C. § 1915(d)[2] to request an attorney to represent a litigant proceeding *in forma pauperis.*  A finding of exceptional circumstances

---

[1]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this court, unless reversed by this court sitting en banc. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[2]Section 1915(d) does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case.  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989).

depends upon assessment of two basic factors: (1) The type and complexity of the case; and (2) the abilities of the individual bringing it. See Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). See also Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) and Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

In the present case, the Court finds no exceptional circumstances at this juncture necessitating appointment of counsel and will therefore **deny** Plaintiff's motion for appointment of counsel. See Schack v. Florida, 391 F.2d 593, 595 (5th Cir. 1968), cert. denied, 392 U.S. 916 (1968). The Court has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim. See Branch v. Cole, 686 F.2d at 266. This is not a complex case and does not raise any new or novel issues or facts. See Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992).

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519 (1972). A complaint filed *pro se* will not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Scheuer v. Rhodes, 416 U.S. 232 (1974). This Court is liberal in reviewing *pro se* complaints filed under Section 1983, giving individuals ample opportunity to amend their complaints if necessary, and granting generous extensions of time to comply with court orders. Moreover, prison inmates have access to law libraries and inmate law clerks as part of their constitutionally guaranteed right of access to the courts. See Bounds v. Smith, 430 U.S. 817 (1977); Hooks v. Wainwright, 578 F.2d 1102, 1103 (5th Cir. 1978).

Consequently, the Court's liberal construction of *pro se* Section l983 complaints, coupled with resources available to Plaintiff and his apparent ability to litigate this action *pro se*, convinces the Court that the appointment of counsel is not necessary in this case at this time. The Court will reconsider Plaintiff's request if it should later appear to be in the interest of justice to appoint counsel.

**ACCORDINGLY**, the Court **ORDERS** that:

1. Plaintiff's motion for appointment of counsel (Dkt. 5) is **DENIED** without prejudice.

2. Plaintiff's motion to set cause for trial (Dkt. 5) is **DENIED** without prejudice. The Court will schedule a trial, if necessary, when this cause is at issue and ready for trial.

**DONE** and **ORDERED** in Tampa, Florida on October 15, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to: Plaintiff *pro se*