**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MICHAEL D. BLAIR,

   Plaintiff,

v.                                          Case No. 8:07-CV-1781-T-30MSS

JIM COATES, Pinellas County Sheriff, et al.

   Defendants.
_____/

## **ORDER**

This matter is before the Court for consideration of Plaintiff's Motion for Temporary Restraining Order (Dkt. 9). For reasons discussed below, the motion will be denied.

A temporary restraining order ("TRO") may be granted without notice only if (1) "it clearly appears from specific facts . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition," and (2) the applicant "certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). A TRO requires the movant to demonstrate the same four elements as a preliminary injunction.[1] *See Parker v. State Bd. Of Pardons & Parole*, 275 F.3d 1032, 1034-35 (11th Cir.), *cert. denied*, 534 U.S. 1072 (2001).

Plaintiff essentially alleges that the prison where he is incarcerated is overcrowded and three men are forced to occupy a cell intended to house two men; the kitchen has rats, insects, broken dishwashers, and inmates with communicable diseases work in the kitchen;

---

[1] "A party seeking a preliminary injunction must establish the following four factors: (1) a substantial likelihood of success on the merits; (2) a threat of irreparable injury; (3) that its own injury would outweigh the injury to the nonmovant; and (4) that the injunction would not disserve the public interest" *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999), *cert. denied*, 530 U.S. 1288 (2000).

inadequate medical care; insufficient supplies for indigent inmates; insufficient cleaning supplies to clean common areas; pillows and mattresses are not cleaned prior to being reissued; inadequate restroom facilities; and insufficient law library access and writing materials. Plaintiff asks the Court to prohibit the prison from housing any new prisoners until an outside agency inspects the prison, and appoint the federal government to take over operations of the prison until a permanent injunction is in place.

Plaintiff does not provide any documentation for his factual allegations. The Court has reviewed Plaintiff's motion and is of the opinion that Plaintiff has failed to comply with the strictures of Fed.R.Civ.P. 65 and Rule 4.05(b)(M.D. Fla. 2005). Plaintiff fails to demonstrate that he was in danger of any immediate risk of substantial or irreparable harm irreparable harm when he filed his motion. The Court finds that Plaintiff has also failed to establish that an emergency situation exists which requires immediate intervention by the Court.

ACCORDINGLY, the Court **ORDERS** that the request for a temporary restraining order is **DENIED** (Dkt. 9).

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy furnished:
Plaintiff pro se