**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL D. BLAIR,

   Plaintiff,

v.                                                             Case No. 8:07-CV-1781-T-30MSS

JIM COATES, et al.

   Defendants.
_____/

## **ORDER**

Plaintiff is a former prisoner proceeding *pro se*.[1] Before the Court is Plaintiff's amended civil rights complaint (Dkt. 7) in which he claims: 1) he is being denied both meaningful access to the law library, and supplies to prepare his legal work; 2) he is not receiving adequate medical care for his knee injury, heart problems, headaches, and vision problems; 3) the jail is overcrowded which has led prison officials to house Plaintiff with two other prisoners in a cell designed to house only two prisoners, and he sleeps on a plastic bed on the floor of his cell with his head inches away from the toilet; 4) he receives little or no meaningful recreation; 5) he does not regularly receive items such as toothbrushes and toothpaste; 6) the housing areas lack "the correct sanitary fixtures" and the "sanitary fixtures" are frequently broken or malfunctioning; 7) the jail does not conduct fire safety drills and does not have functioning fire smoke detectors; and 8) the food at the jail is unappetizing,

---

[1] Plaintiff asserts that he completed his sentence on December 18, 2007 (Dkt. 16 at 1).

unwholesome, and poorly prepared, and the food service area where meals are prepared is unsanitary, the dishwashers do not function properly, it is infested with rodents and insects, and it does not have "proper food preperation [sic] equipment." (Dkt. 7 at 8-9a).

Plaintiff identifies Sheriff Jim Coats, the "Pinellas County Attorney", unnamed "Pinellas County Jail Employees", and the "Pinellas County Commissioners" as Defendants in this action (Dkt. 7 at 1 & 6).

Plaintiff claims Defendants violated his right to due process under the Fifth Amendment, his right to be free of cruel and unusual punishment under the Eighth Amendment, and his right to due process and equal protection under the Fourteenth Amendment (Dkt. 7 at 8).

Plaintiff seeks an injunction and monetary damages (Dkt. 7 at 10).

## DISCUSSION

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners[2] who proceed *in forma pauperis* and prisoners who pay the requisite filing fee. The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. See 28 U.S.C. § 1915A (requiring the district court to engage in the screening process "before docketing, if feasible or ... as soon as practicable after docketing").

**Claim for injunctive relief**

"The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984). Any claims concerning the conditions of an inmate's confinement made by an inmate requesting injunctive relief become moot once the prisoner is transferred to another facility. *Spears v. Thigpen*, 845 F.2d 1327 (11th Cir. 1988), *cert denied*, 488 U.S. 1046 (1989). According to Plaintiff, he is no longer incarcerated at Pinellas County Jail (Dkt. 16). Therefore, his claim for injunctive relief regarding the conditions of confinement at Pinellas County Jail are moot and will be dismissed.

---

[2] 28 U.S.C. § 1915A(c) states in pertinent part that "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of. . . violations of criminal law . . . ." Accordingly, the plain language of § 1915A makes clear that the section applies to complaints filed by pretrial detainees.

**Denial of access to law library**

Plaintiff claims he was denied "meaningful" access to the prison law library, and Defendants failed to provide him with supplies to prepare his legal work. In *Lewis v. Casey*, 518 U.S. 343 (1996) the Supreme Court held that "*Bounds* established no [right to a law library or to legal assistance]. . . . The right that *Bounds* acknowledged was the (already well-established) right of access to the courts." *Lewis*, 518 U.S. at 350 (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The Eleventh Circuit has clearly stated that a plaintiff raising an access-to-court claim "must show actual injury before seeking relief." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). A prisoner "cannot merely allege a denial of access to a law library..." *Id*. at 1291. Construed liberally, Plaintiff's allegations raise a claim of denial of access to the courts. However, to prevail in an access-to-court claim, Plaintiff must show how Defendants' conduct impeded him from pursuing a non-frivolous direct or collateral attack on a sentence or a challenge to conditions of confinement. *Wilson*, 163 F.3d at 1290.

Because Plaintiff has failed to specify any injury, i.e., that Defendants' alleged conduct impeded him from pursuing a non-frivolous direct or collateral attack on a sentence or a challenge to conditions of confinement claim, Plaintiff has failed to meet the standard for access-to-court claims set forth in *Wilson.*

The Court finds that Plaintiff has failed to state a claim for denial of access to court. Accordingly, this claim is subject to dismissal pursuant to 28 U.S.C. § 1915A.

**Inadequate medical care**

Plaintiff alleges that: 1) he had a knee injury prior to his arrest that required surgery, and he asked the Defendants to arrange for surgery but they refused; 2) he has complained about problems with his eyesight and headaches but was told to see a doctor after he is released from jail; and 3) he has heart problems that require check-ups and medication, but he has not received either while in jail.

A § 1983 civil rights action requires proof of an affirmative causal connection between an official's acts or omissions complained of, and the alleged constitutional deprivation. *Bailey v. Board of County Commissioners of Alachua County*, 956 F.2d 1112 (11th Cir.) , *cert. denied*, 506 U.S. 832 (1992) ; *Schebel v. Charlotte County*, 833 F.Supp. 889 (M.D. Fla. 1993).

A causal connection may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation. *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). A causal connection may be established where the official establishes or utilizes a policy or custom that results in deliberate indifference to an inmate's constitutional rights. A causal connection may also be shown where the official breaches a duty imposed by state or local law, and this breach proximately causes a plaintiff injury of a constitutional magnitude. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).

Merely showing that the prison official had the means to correct a constitutional infirmity will not suffice to show causation; a plaintiff must demonstrate that the official had the means to correct the alleged constitutional infinity and that this official at least recklessly disregarded the inadequacies of the approach that he took, the availability of other approaches, and the capacity to provide a cure. *LaMarca v. Turner, supra.*

An inmate seeking to recover for violation of an Eighth Amendment[3] right must prove that the official possessed both the knowledge of the infirm condition and the means to cure it. *LaMarca, supra* at 1536, 1540-41. *LaMarca* contemplates a causal connection involving a superintendent who has overall responsibility for a particular corrections facility.

The claim of deliberate indifference to an inmate's serious medical needs typically involves medical care providers, or those who supervise medical care providers. *See Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985). The issue in this type of Eighth Amendment case is one of control over the provision of medical care to inmates. As the Court stated in *Zatler v. Wainwright*, 802 F.2d at 401:

> The inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions have resulted in a constitutional deprivation.

In *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986), the Court considered the vitality of a deliberate indifference claim against non-medical officials who did not supervise

---

[3] The Eighth Amendment prohibitions against cruel and unusual punishment do not apply to pre-trial detainees; however, pre-trial detainees have a Fourteenth Amendment due process right to receive medical treatment for illness and injuries. *See Cagle v. Sutherland*, 334 F.3d 980, 985 (11th Cir. 2003). The legal standards under the Eighth Amendment and th Fourteenth Amendment due process clause are the same, and the Eighth Amendment case law is applicable. *See Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1115 (11th Cir. 2005).

inmates, and held that dismissal of these officials -- along with the corrections department superintendent, assistant superintendent, auditor, two doctors, and two nurses -- was appropriate. The case proceeded only on the claim against one physician as a direct-care provider.  In affirming the dismissal of the supervisors, as well as the non-medical personnel, including those who did not supervise inmates, the Court found unavailing the claim that those Defendants personally observed the inmate's deteriorating condition and failed to take adequate steps to treat the condition.  If such an allegation of personal participation were insufficient to trigger a viable Eighth Amendment claim in *Rogers*, then the allegations Plaintiff presents cannot establish any basis in law for a 1983 lawsuit.

Deliberate indifference claims have been allowed to proceed against supervisory officials only in specific instances.  In *Aldridge v. Montgomery*, 753 F.2d 970 (11th Cir. 1985), the Court allowed a deliberate indifference claim to go forward against six law enforcement officers and a physician, all of whom had direct control and care of the inmate. In *Ancata v. Prison Health Services, Inc., supra* , the case proceeded against a county on policy formulation grounds, a corporate entity directly responsible for the provision of medical care, and against medical personnel directly responsible for providing such medical care.  In *Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988), only the claim against medical providers was allowed to go forward;  however, the dismissal of a claim against a superintendent was affirmed.  In *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989), only the claim against a county was allowed to proceed on a theory of policy or custom formulation regarding delegation of authority as to medical care.

Plaintiff's claims do not fit into any of the categories for which deliberate indifference claims against non-medical personnel were allowed to proceed to trial. *LaMarca, Zatler, Rogers, Aldridge, Ancata, Washington, Mandel, Anderson v. City of Atlanta*, 778 F.2d 678 (11th Cir. 1985) demonstrate that only those non-medical parties who had direct contact with an inmate were held liable when their actions implicated deliberate indifference to a serious medical need. With regard to supervisors or administrators, those persons not directly involved with the care or control of inmates could be held liable only if the policies or customs which they established or utilized resulted in deliberate indifference by their subordinates, or where state or local law created a duty that those persons breached, thereby proximately causing a constitutional injury.

Plaintiff has offered no explanation as to how Defendants, non-medical officials, could have known personally about Plaintiff's alleged unnecessary pain and suffering, and therefore affords Plaintiff no basis in trying to establish the existence of deliberate indifference to his serious medical needs.

This standard is the same for any Eighth Amendment violation. "Deliberate indifference" is a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm to a prisoner. *Wilson v. Seiter*, 501 U.S. 294 (1991). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

In the present case, Plaintiff has made no allegations that Defendants had direct contact with him to know personally of his complaints about pain and suffering. Additionally, Plaintiff does not complain that Defendants had a policy or custom that deprived Plaintiff of his constitutional rights, that they breached a duty that caused deprivation of his rights, or that they had the means to correct any institutional problems.

*Rizzo v. Goode*, 423 U.S. 362 (1976), holds that state officials are not liable under § 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights. *Williams v. Bennett*, 689 F.2d 1370 (11th Cir. 1982), elaborated on *Rizzo*:

> [T]he Supreme Court expounded on the nature of the causal link which must be established ... Specifically, the Court disapproved the imposition of liability for the officials' failure to act in the face of a statistical pattern of police misconduct absent proof that the supervisory defendants had "direct responsibility for the actions" of those police officers who had engaged in the misconduct ... it is clear that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.

*Rizzo*, at 1381.

In *Naughton v. Bevilacqua*, 605 F.2d 586, 589 (1st Cir. 1979), injunctive relief against the director of a mental hospital was denied because the relationship of the defendant to the specific alleged violations was too remote. The court held that in civil rights litigation, broad injunctions against high-level state supervisors are not favored in the absence of any showing that such officials have caused or are directly responsible for violation of constitutional rights.

There are no allegations in Plaintiff's complaint linking Defendants to the wrongs of which Plaintiff complains.  *Rizzo*'s "affirmative link" requirement means that supervisors must have "participated or acquiesced in the constitutional deprivations" complained of. *See Kite v. Kelly*, 546 F.2d 334, 337 (10th Cir. 1976).  Even if Defendants may be thought to possess some supervisory authority over Pinellas County Jail's medical personnel, the exercise of that authority could only be general, relating to direction and broad policy. Such supervisory authority will not sustain § 1983 liability. *See also Smith v. Hill*, 510 F.Supp. 767 (D. Utah 1981), where the Court stated "the less direct the supervision, the greater the degree of actual knowledge or acquiescence that needs to be shown." *Smith*, at 771.  Plaintiff has not shown that there was a causal connection between Defendants' actions and the alleged deprivation of his constitutional rights.

Finally, *respondeat superior*, without more, does not provide a basis for recovery under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Plaintiff must allege facts that demonstrate a causal connection between the actions of Defendants and the alleged constitutional deprivation. *Wilson v. Attaway*, 757 F.2d 1227, 1241 (11th Cir. 1985). Plaintiff fails to allege any facts that demonstrate a constitutional deprivation by Defendants. Because Plaintiff has failed to allege any facts of specific wrongdoing by Defendants, Plaintiff's claim for deliberate indifference to his medical needs will be dismissed.

**Remaining conditions of confinement claims**

Plaintiff lists what he contends are several constitutional deficiencies at the jail, and he maintains that because of these deficiencies Defendants are guilty of cruel and unusual

punishment. However, Plaintiff fails to connect his allegations to any named Defendant. Accordingly, Plaintiff fails to establish any causal connection between the named Defendants and the alleged constitutional violations. Moreover, Plaintiff fails to allege sufficient facts showing he was subjected to cruel and unusual punishment.

"The Eighth Amendment...prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. at 296-97. State officials violate the Eighth Amendment if they fail to provide prisoners with reasonably adequate food, clothing, shelter, and sanitation. *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985), *cert. denied* 475 U.S. 1095 (1986).

> In this Circuit:
>
>> to prevail on [an] Eighth Amendment claim for damages brought under section 1983, the plaintiff[] must prove three elements [over and above the fact that the defendant acted under color of state law] (footnote omitted): (1) a condition of confinement that inflicted unnecessary pain or suffering, *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981), (2) the defendant's "deliberate indifference" to that condition, *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991), and (3) causation, *Williams v. Bennett*, 689 F.2d 1370, 1389-90 (11th Cir. 1982) (citing *Hudson v. McMillian*, [503] U.S. [1, ,] 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992)[)]. For our purposes, the Eighth Amendment defines the contours of the first two elements and section 1983 delimits the third.

*LaMarca*, 995 F.2d at 1535 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164, 114 S. Ct. 1189, 127 L. Ed. 2d 539 (1994).

Plaintiff's allegations that the prison was overcrowded and he was required to sleep with two other prisoners in a cell designed for two; he received little recreation; he did not regularly receive items such as toothbrushes and toothpaste; "sanitary fixtures" were frequently broken or malfunctioning; there were no fire safety drills or functioning fire smoke detectors; the food was unwholesome and poorly prepared; and the kitchen was unsanitary and infested with rodents and insects amount to nothing more than minor discomforts rather than constitutional violations. Plaintiff has not alleged the deprivation of a basic human need, i.e., reasonably adequate food, clothing, shelter, and sanitation. *Hamm*, 774 F.2d at 1572. Moreover, Plaintiff has not asserted that any of these inconveniences resulted in any physical injury to him or in any unnecessary infliction of pain and suffering to which the Defendants were deliberately indifferent. Plaintiff's allegations fail to show a deprivation of a constitutional right. Accordingly, these claims will be dismissed for failure to state a claim.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's amended complaint (Dkt. 7) is **DISMISSED**.

2. The **Clerk** is directed to terminate any pending motions, enter judgment against Plaintiff and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 15, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*